1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11    GUSTAVO AGUILAR,                          No.  1:20-cv-00111-NONE-SKO
12                    Plaintiff,
13          v.                                  ORDER GRANTING DEFENDANT'S
                                                UNOPPOSED MOTION TO DISMISS;
14    APPLIED UNDERWRITERS, INC.,               DENYING DEFENDANT'S REQUEST TO
                                                DECLARE PLAINTIFF A VEXATIOUS
15                    Defendant.                LITIGANT; AND ORDERING PLAINTIFF
                                                TO SHOW CAUSE RE RULE 11
16                                              SANCTIONS
17                                              (Doc. No. 4)
18
19
20                            **INTRODUCTION**
21          Plaintiff Gustavo Aguilar ("plaintiff") filed the present action in Fresno County Superior Court
22    on December 12, 2019.  (Doc. No. 1-2 at 4–12.)  Defendant Applied Underwriters, Inc. ("defendant")
23    filed a timely notice of removal under 28 U.S.C. § 1446(b) on January 21, 2020, asserting jurisdiction
24    on the basis of diversity under 28 U.S.C. § 1332(a).  (Doc. No. 1 at 2–3.)  On January 28, 2020,
25    defendant filed a motion to dismiss the complaint on *res judicata* grounds, or in the alternative, for
26    failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (Doc. No. 4.)
27    Plaintiff did not file an opposition, nor a notice of non-opposition, within the timeframe set forth in
28    Local Rule 230(c), and as such, the court may construe plaintiff's inaction as a non-opposition to

                                         1

1 defendant's motion to dismiss.  (*Id.*)  The court has determined the motion to dismiss is suitable for

2 decision based on the papers under Local Rule 230(g) and, for the reasons explained below, will grant

3 defendant's motion to dismiss with prejudice.

**FACTUAL BACKGROUND**

4

**A.**   ***Aguilar I***

5

6 On or about July 17, 2006, plaintiff was allegedly injured while working as a drywall installer

7 for Precision Drywall.  (*Aguilar I*, Doc. No. 1-1 at 11.)  Precision Drywall carried workers'

8 compensation insurance coverage and a "Voluntary Plan for Disability Benefits" through defendant,

9 which provided benefits to plaintiff following his injury.  (*Aguilar I*, Doc. No. 5 at 3; *Aguilar I*, Doc.

10 No. 1-1 at 66.)  Plaintiff subsequently filed a workers' compensation claim through the State of

11 California and "actively pursued" appeals related to that claim thereafter.  (*Aguilar I*, Doc. No. 1-1 at

12 11.)  On May 1, 2008, plaintiff was notified by mail that he had reached the "maximum benefit

13 entitlement" that was available under the Voluntary Plan for Disability Benefits.  (*Id.* at 66.)  On

14 October 10, 2017, plaintiff was further informed by mail that his appeal for additional benefits to the

15 Compensation Appeals Board and Unemployment Insurance Appeals Board ("CUIAB") was denied.

16 (*Id.* at 22.)  Moreover, in the letter, CUIAB notified plaintiff that its decision concerning his appeal was

17 final, and that any additional review of the decision could only be sought through judicial review.  (*Id.*)

18 On November 1, 2017, plaintiff filed a lawsuit against defendant in the Fresno County Superior

19 Court.  (*Id.* at 4–12.)  The complaint filed in that case (*Aguilar I*) contained a single cause of action for

20 breach of contract, alleging that, on or about July 17, 2006, a written and oral agreement was made

21 between plaintiff and defendant related to plaintiff's insurance coverage.  (*Id.* at 7.)  Plaintiff alleged

22 that on July 17, 2006, defendant breached the agreement by the following act:  "the insurance stopped

23 paying my hosipitale [*sic*] bills halfway through and i [*sic*] lost wages."  (*Id.* at 7–9.)  On November 3,

24 2017, plaintiff filed an amended complaint, yet plaintiff's cause of action remained substantially similar

25 to that alleged in the original *Aguilar I* complaint.  (*Id.* at 12.)  Plaintiff "request[ed] support on how to

26 recover … [his] salary that [he] . . . lost due to an accident at work that left [him] unable to work" (*id.* at

27 20) and attached to his complaint various documents related to his workers' compensation disability

28 claim.  (*Id.* at 25, 58, 62, 66, 69.)

2

On December 13, 2017, defendant timely removed the state court action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).  (*Aguilar I*, Doc. No. 1 at 2–3.)  On December 20, 2017, defendant moved to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (*Aguilar I*, Doc. No. 5 at 2.)  Plaintiff failed to oppose the motion.

On March 2, 2018, the court granted defendant's unopposed motion to dismiss without leave to amend, concluding that plaintiff's claim was "both insufficient to allege a claim for relief and . . . [that it was] barred by California's statute of limitations."  (*Aguilar I*, Doc. No. 11 at 1, 6.)

**B.**   ***Aguilar II***

On March 18, 2018, plaintiff filed a second lawsuit against defendant in the Fresno County Superior Court (i.e., *Aguilar II*).  (*Aguilar II*, Doc. No. 1-1 at 4–13.)  This time, the form complaint and its attachment did not contain an obvious cause of action.  (*Aguilar II*, Doc. No. 1-1.)  Plaintiff again "request[ed] support" to recover his salary, which was "lost due to an accident at work that . . . left [him] unable to work."  (*Id*. at 27.)  Indeed, plaintiff attached to this complaint a letter that mentions the exact same claim for disability at issue in *Aguilar I*.  *Compare Aguilar I*, Doc. No. 1-1 at 66 (letter from defendant dated May 1, 2008 regarding "Claim for Disability Benefits - # 1405-07") *with Aguilar II*, Doc. No. 1-1 at 20 (same letter).

On April 18, 2018, defendant timely removed the *Aguilar II* action to this federal court. (*Aguilar II*, Doc. No. 1 at 2–3.)  On April 25, 2018, defendant moved to dismiss plaintiff's complaint on the grounds that it was barred by the doctrine of *res judicata*, or in the alternative, for failure to state a claim.  (*Aguilar II*, Doc. No. 4 at 2.)  Further, defendant requested that the court:  1) declare plaintiff a vexatious litigant and require plaintiff to obtain a pre-filing order, and 2) impose monetary sanctions to cover defendant's attorney's fees and costs.  (*Id*.)  Plaintiff once again failed to oppose the motion.

On June 21, 2018, the court granted defendant's unopposed motion to dismiss on *res judicata* grounds and dismissed the action with prejudice.  (*Aguilar II*, Doc. No. 6 at 3, 5.)  The court declined defendant's request to declare plaintiff a vexatious litigant and to place plaintiff under a pre-filing order, as the court found that plaintiff's conduct did not meet the "high bar" required for such an order. (*Id*. at 3–5.)  The court also declined defendant's request to impose monetary sanctions or an award of

attorney's fees and costs on plaintiff.  (*Id.* at 5.)  However, the court included in its order the following

warning to plaintiff:

> Plaintiff is warned, however, that further attempts to litigate this claim will not be looked
> upon kindly, and will be dealt with [expeditiously].  Any further filing or attempted filing
> of this complaint, or a complaint alleging the same claim, will be grounds for sanctions
> under Federal Rule of Civil Procedure 11.

(*Id.*)

**C.      Instant Case – *Aguilar III***

On December 12, 2019, plaintiff filed a claim—his third lawsuit—against defendant in the

Fresno County Superior Court.  (*Aguilar III*, Doc. No. 1-2 at 4–12.)  Plaintiff's complaint facially seeks

judicial review in relation to "asset forfeiture," pursuant to California Code of Civil Procedure § 1094.5.

(*Id.* at 6, 12–14.)  Despite this reference to "asset forfeiture," *Aguilar III* concerns the same workers'

compensation dispute already addressed in *Aguilar I* and *Aguilar II*.  To illustrate, in the instant action,

plaintiff advances a personal injury claim (*id.* at 10), appearing to allege that he suffered "hospital and

medical expenses" and "loss of earning capacity," which arise from plaintiff's work injury (*id.* at 12–

13).  Notably, plaintiff again attaches to this complaint a letter that mentions the exact same claim for

disability at issue in *Aguilar I* and *Aguilar II*.  *Compare Aguilar III*, Doc. No. 1-2 at 31 (letter from

defendant dated May 1, 2008 regarding "Claim for Disability Benefits - # 1405-07") *with Aguilar I*,

Doc. No. 1-1 at 66 (same letter) and *Aguilar II*, Doc. No. 1-1 at 20 (same letter).  Moreover, *Aguilar III*

also similarly incorporates copies of plaintiff's workers' compensation claim (*Aguilar III*, Doc. No. 1-2

at 15–21).  These workers' compensation documents were also attached to the respective complaints in

*Aguilar I* and *Aguilar II* and relate to the injury plaintiff sustained fourteen years ago, while working for

Precision Drywall.  (*Id.* at 12.)

On January 21, 2020, defendant once again timely removed the case to this federal court.

(*Aguilar III*, Doc. No. 1 at 2–3.)  On April 25, 2018, defendant again moved to dismiss plaintiff's

complaint on the grounds that it was barred by the doctrine of *res judicata*, or in the alternative, for

failure to state a claim.  (*Aguilar III*, Doc. No. 4 at 2.)

/////

/////

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

A motion to dismiss on the basis of *res judicata* or claim preclusion may properly be brought under Rule 12(b)(6). *See Bayone v. Baca*, 130 Fed. App'x. 869, 871–72 (9th Cir. 2005)[1] (affirming district court's dismissal on res judicata grounds); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.") (internal quotation marks and citation omitted).

**DISCUSSION**

Defendant argues that plaintiff's complaint should be dismissed on the grounds that it is barred by the doctrine of *res judicata*, or in the alternative, for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). (*Aguilar III*, Doc. No. 4 at 2.) Defendant's motion also requests the Imposition of sanctions against plaintiff, in an effort to deter plaintiff from filing yet another action against defendant on the same grounds. (*Aguilar III*, Doc. No. 1 at 2.) The sanctions sought by defendant are: 1) declaring plaintiff a vexatious litigant and requiring plaintiff to obtain a pre-filing order and 2) monetary sanctions to cover defendant's attorney's fees and costs associated

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    with the instant action.  (*Id.*)

2    **D.    *Res Judicata***

3            "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any

4    claims that were raised or could have been raised in the prior action."  *W. Radio Servs. Co. v. Glickman*,

5    123 F.3d 1189, 1192 (9th Cir. 1997).  In other words, under the doctrine of *res judicata*, "a final

6    judgment on the merits bars further claims by parties or their privies based on the same cause of

7    action." *Montana v. United States*, 440 U.S. 147, 153 (1979).  The doctrine also "bars all grounds for

8    recovery which could have been asserted, whether they were or not, in a prior suit between the same

9    parties . . . on the same cause of action."  *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.

10   1987) (internal quotation marks omitted); *see also Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d

11   525, 528–29 (9th Cir. 1998).  *Res judicata* is applicable whenever there is: "(1) an identity of claims[;]

12   (2) a final judgment on the merits[;] and (3) identity or privity between parties."  *W. Radio Servs. Co.*,

13   123 F.3d at 1192 (citation omitted).

14           1.    Identity of Claim

15           To establish *res judicata*, there must be identity between the claims brought in the previous

16   action and the ones brought in the current action.  *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see also*

17   *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (noting that the purpose of *res judicata* is to prevent

18   parties from re-litigating claims against parties whom they have already filed suit against or could have

19   filed suit against in a previous action).

20           Whether the two suits involve the same claim or cause of action requires [a court] to look
21           at four criteria, which [are] [] not appl[ied] mechanically:  (1) whether the two suits
             arise out of the same transactional nucleus of facts; (2) whether rights or interests
22           established in the prior judgment would be destroyed or impaired by prosecution of the
             second action; (3) whether the two suits involve infringement of the same right; and
23           (4) whether substantially the same evidence is presented in the two actions.

24   *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  In the Ninth Circuit, district

25   courts "use a transaction test to determine whether the two suits share a common nucleus of operative

26   fact." *Id*.  "Whether two events are part of the same transaction or series depends on whether they are

27   related to the same set of facts and whether they could conveniently be tried together."  *W. Sys., Inc. v.*

28   *Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citation omitted).  "The same transactional nucleus of facts

1  factor is most important." *Ghalehtak v. Fay Servicing, LLC*, 304 F. Supp. 3d 877, 884 (N.D. Cal.

2  2018), *aff'd*, 765 Fed. App'x. 168 (9th Cir. 2019) (internal quotation marks omitted).

3         To the extent that the court can decipher the claims alleged in the instant complaint, they

4  certainly arise from the same transaction as the already-dismissed claims in *Aguilar II*. *See Gustavo*

5  *Aguilar v. Applied Underwriters, Inc.*, Case No. 1:20-cv-00111-NONE-SKO. As previously noted,

6  *Aguilar II* involved plaintiff's claims against defendant for alleged unpaid healthcare insurance benefits

7  (*Aguilar II*, Doc 1-1 at 15, 27) and lost wages (*id.* at 11, 27, 34), arising from plaintiff's 2006 drywall

8  installation-related injury. These are the same claims plaintiff is now asserting against defendant in the

9  instant action. (*Aguilar III*, Doc. No. 1-2 at 10, 12). Comparing the factual allegations in this case with

10  the factual allegations of *Aguilar II*, the court concludes that both actions arise from the same

11  "transactional nucleus of facts" (i.e., plaintiff's drywall installer employment injury). *Ghalehtak*, 304

12  F. Supp. 3d at 884 (internal quotation marks omitted). Accordingly, the court finds there is an identity

13  of claims between the instant action and plaintiff's earlier action.[2]

14      2.   <u>Final Judgement on the Merits</u>

15         The phrase "final judgment on the merits" is often used interchangeably with "dismissal with

16  prejudice." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that "with prejudice" is

17  an acceptable shorthand for adjudication on the merits); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir.

18  1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the

19  parties on the issues subtended by the case."). In *Aguilar II*, the court dismissed plaintiff's complaint

20  with prejudice (*Aguilar II*, Doc. No. 6 at 3, 5). Therefore, the court concludes that the earlier action

21  resulted in a final judgment on the merits of plaintiff's claims. *See Nnachi v. City & Cty. of San*

22  *Francisco*, No. C 10-0714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010) ("Dismissal of an

23

---

24  [2] Even assuming, *arguendo*, that there may not be a complete identity of claims between this action
and plaintiff's earlier action, this is of no import, because plaintiff "cannot avoid the bar of *res judicata*

25  merely by alleging conduct by [a] defendant not alleged in [the] prior action or by pleading a new legal
theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see also Tahoe-Sierra Pres.*

26  *Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("It is immaterial

27  whether the claims asserted subsequent to the judgment were actually pursued in the action that led to
the judgment; rather, the relevant inquiry is whether they could have been brought.") (internal quotation

28  marks and citation omitted). The court finds nothing in the instant action that suggests that the claims
presently brought before the court could not have been brought in *Aguilar II*.

1 action with prejudice, or without leave to amend, is considered a final judgment on the merits.").

2        3.    <u>Identity or Privity Between Parties</u>

3      "The final element of res judicata is privity between the parties." *Tahoe-Sierra*, 322 F.3d at

4 1081. "Privity—for the purposes of applying the doctrine of *res judicata*—is a legal conclusion

5 designating a person so identified in interest with a party to former litigation that he represents

6 precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d at 881

7 (internal quotation marks and citation omitted). Here, privity exists between the parties, as the named

8 parties are the same in both *Aguilar II* and the instant action. (*Aguilar II*, Doc. No. 1-1; *Aguilar III*,

9 Doc. No. 1-2.) The court concludes that the instant action is barred under the doctrine of *res judicata*,

10 given that there is an identity of claims between the two actions, plaintiff's earlier filed action resulted

11 in a final judgment on the merits, and there is privity between the parties.

12 **E.**    **Vexatious Litigant**

13      "[U]nder federal law, the standard for declaring a litigant vexatious is more stringent" than the

14 standard under California law. *Goolsby v. Gonzales*, No. 1:11-cv-00394-LJO-GSA, 2014 WL

15 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted*, 2014 WL 3529998

16 (E.D. Cal. July 15, 2014). Under federal law, "the simple fact that a plaintiff has filed a large number

17 of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski v.*

18 *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). "The plaintiff's claims must not only

19 be numerous, but also be patently without merit." *Id.* at 1051 (internal quotation marks and citation

20 omitted). "The focus is on the number of suits that were frivolous or harassing in nature rather than on

21 the number of suits that were simply adversely decided." *Cranford v. Crawford*, No. 1:14-cv-00055-

22 AWI-MJS (PC), 2016 WL 4536199, at *2 (E.D. Cal. Aug. 31, 2016), *report and recommendation*

23 *adopted*, 2016 U.S. Dist. LEXIS 162973 (E.D. Cal. Sept. 26, 2016).

24      When a litigant is declared "vexatious" his or her access to the courts can be restricted, through

25 the court entering a pre-filing order. *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1061–62 (9th

26 Cir. 2014). Pre-filing review orders, in which a complainant is required to obtain court approval prior

27 to filing a complaint, are appropriate under certain circumstances but "should rarely be filed." *De Long*

28 *v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *see also Molski*, 500 F.3d at 1057. The Ninth

Circuit has stated that the following four conditions must be met before the court enters such a pre-filing review order:  (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  *De Long*, 912 F.2d at 1147–48; *see also Molski*, 500 F.3d at 1057–58.  "In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort."  *Ringgold-Lockhart*, 761 F.3d at 1062.  It is incumbent upon a district court to first make "substantive findings as to the frivolous or harassing nature of the litigant's actions" prior to the court's issuance of a pre-filing order. *De Long*, 912 F.2d at 1148 (internal quotation and citation omitted).[3]  The court will proceed to examine the third factor illustrated in *De Long*, "and finding it dispositive . . . [will] . . . not reach the other factors."  *Bradford v. L.A. Cty. Office of Educ.*, No. cv 20-3691 PSG (ASx), 2020 WL 4339907, at *3 (C.D. Cal. July 28, 2020).

"Whether litigation is frivolous is determined by looking at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Maxwell v. MOAB Inv. Grp., LLC*, No. 14-cv-03095-WHO, 2014 WL 4757429, at *5 (N.D. Cal. Sept. 24, 2014) (internal quotation and citation omitted).  Although the Ninth Circuit has not established a case filings minimum for determining frivolousness, our circuit has noted that in order to make such a finding of frivolousness, a given party's number of filings should be "inordinate."  *Ringgold-Lockhart*, 761 F.3d at 1064–65.  The court finds that plaintiff's three case filings do not rise to the inordinate quantity typically exhibited by vexatious litigants.  *See Molski*, 500 F.3d at 1050 ("filed about 400 lawsuits in the federal courts within the districts in California"); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("35 actions filed by . . . [plaintiff] . . . in 30 jurisdictions"); *Reddy v. MedQuist, Inc.*,

---

[3]  The court in *De Long* indicated that, "[a]n alternative to the finding of frivolousness is the finding that . . . [a party's] claims show a pattern of harassment."  *De Long*, 912 F.2d at 1148.  However, the court in *De Long* also cautioned that "in finding that a pattern of harassment exists, a district judge needs to be careful not to conclude that particular types of actions filed repetitiously are harassing.  Instead, the district judge needs to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court."  *Id*. at 1148 n. 3 (internal quotation and citation omitted); *see also Miles v. Makishima*, No. C-08-4091 MMC, 2009 WL 2512022, at *2 (N.D. Cal. Aug. 14, 2009).

No. cv 12-01324 PSG, 2012 WL 6020010, at *6 (N.D. Cal. Dec. 3, 2012) ("[Plaintiff] has literally filed tens of lawsuits against hundreds of defendants"); *Bobo v. Plymouth Hous. Grp.*, No. 6:14-cv-01071-AA, 2014 WL 6085858, at *2 (D. Or. Nov. 7, 2014) ("filed at least forty pro se complaints"). Given that the limited number of plaintiff's case filings (i.e., three) is not "inordinate" in quantity, the court will not examine the substance of those filings. *Ringgold-Lockhart*, 761 F.3d at 1064–65. Accordingly, the court declines to deem plaintiff vexatious or to issue a pre-filing order at this time.

**F.    Monetary Sanctions**

Although the court declines to designate plaintiff as a vexatious litigant, imposition of sanctions may nonetheless be appropriate.[4]  In *Aguilar II*, the court gave plaintiff the following, very specific warning: "further attempts to litigate this claim will not be looked upon kindly, and will be dealt with [expeditiously].  Any further filing or attempted filing of this complaint, or a complaint alleging the same claim, will be grounds for sanctions under Federal Rule of Civil Procedure 11." (*Aguilar II*, Doc. No. 6 at 5.)  Notwithstanding this warning from the court, plaintiff filed the instant action.

Accordingly, plaintiff is hereby ordered to show cause in writing within thirty (30) days from the date of service of this order explain why sanctions should not be imposed, despite plaintiff's failure

/////

/////

/////

/////

---

[4]  Defendant requests the imposition of monetary sanctions but fails to comply with the procedural requirements of Federal Rule of Civil Procedure Rule 11, specifically the filing of a separate motion for sanctions. Fed. R. Civ. P. 11(c)(2); *Aguilar III*, Doc. No. 4.  Nonetheless, the court has the authority to order a party to show cause why conduct has not violated Rule 11.  *See* Fed. R. Civ. P. 11(c)(3). Defendant's motion for sanctions appears to refer to the court's inherent powers as a means of imposing sanctions, as opposed to Rule 11.  Fed. R. Civ. P. 11; *Aguilar III*, Doc. No. 4 at 14–15.  This is inappropriate, as sanctions under the court's inherent powers should only be imposed where sanctions under the Federal Rules are unavailable.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the rules, the court ordinarily should rely on the rules rather than the inherent power. But, if in the informed discretion of the court, neither the statute nor the rules are up to the task, the court may safely rely on its inherent power."); *see also U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.,* 182 F.3d 930 (9th Cir. 1999).

to comply with the court's order of June 21, 2018. Plaintiff is cautioned that failure to appropriately respond to this order may result in the imposition of sanctions.[5]

## CONCLUSION

Accordingly,

1. Defendant's motion to dismiss (Doc. No. 4) is GRANTED;

2. Plaintiff's complaint (Doc. No. 1-2) is DISMISSED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE as barred by the doctrine of res judicata;

3. Defendant's request to declare plaintiff a vexatious litigant and requiring him to obtain a pre-filing order is DENIED; and

4. Plaintiff is ORDERED TO SHOW CAUSE in writing within thirty (30) days of the date of service of this order why sanctions should not be imposed due to plaintiff's violation of the court's prior order.

IT IS SO ORDERED.

Dated:   **August 20, 2020**

UNITED STATES DISTRICT JUDGE

_____

[5] In the event the court finds that the imposition of sanctions is appropriate, the court is empowered to consider plaintiff's financial circumstances. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[A] court can properly consider plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. It cannot, however, decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*.").