1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO AGUILAR,

Plaintiff,

v.

APPLIED UNDERWRITERS, INC.,

Defendant.

No.  1:20-cv-00111-NONE-SKO

ORDER IMPOSING RULE 11 SANCTIONS

ORDER TO CLOSE CASE

Plaintiff Gustavo Aguilar ("plaintiff") filed the present action in Fresno County Superior Court on December 12, 2019.  (Doc. No. 1-2 at 4–12.)  Defendant Applied Underwriters, Inc. ("defendant") timely removed the case to this court on January 21, 2020.  (Doc. No. 1 at 2–3.)  On January 28, 2020, defendant filed a motion to dismiss the complaint on *res judicata* grounds, or in the alternative, for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (Doc. No. 4.)  Plaintiff did not file any opposition to that motion.  On August 21, 2020 the court dismissed the above captioned action on *res judicata* grounds, concluding that this case is the *third* substantially identical lawsuit brought by plaintiff against defendant concerning an underlying dispute regarding worker's compensation insurance coverage.  (*See generally* Doc. No. 12.)

Although the court declined defendant's invitation to designate plaintiff as a vexatious litigant, (*id.* at 8–10), the court reasoned that "imposition of sanctions may nonetheless be appropriate" under Federal Rule of Civil Procedure 11 (*id.* at 10–11).  In the context of plaintiff's second lawsuit, which

1

was also dismissed on *res judicata* grounds, the court gave plaintiff the following, very specific warning: "further attempts to litigate this claim will not be looked upon kindly, and will be dealt with [expeditiously]. Any further filing or attempted filing of this complaint, or a complaint alleging the same claim, will be grounds for sanctions under Federal Rule of Civil Procedure 11." (*Gustavo Aguilar v. Applied Underwriters, Inc*., No. 1:18-cv-00528-LJO-BAM ("*Aguilar II*")*,* Doc. No. 6 at 5.) Notwithstanding this warning from the court, plaintiff filed the instant action.

In its August 21, 2020 order in this case, the court ordered plaintiff to show cause in writing within 30 days why sanctions should not be imposed as a result of his disobeying the court's prior order in *Aguilar II* warning him not to re-file the same claims yet again. (Doc. No. 12 at 10–11.) The court specifically informed plaintiff that his failure to appropriately respond to the order to show cause could result in the imposition of sanctions. The court also specifically informed plaintiff that it could consider his financial status in crafting any sanctions order. (*Id*. at 10 n.2.) Nonetheless, plaintiff failed to respond to the order to show cause in any way.

Federal Rule of Civil Procedure 11 authorizes the imposition of sanctions in certain limited circumstances, including where a pleading is presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; when the claims, defenses, and other legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and/or when factual contentions do not have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A–C Co*., 859 F.2d 1336, 1345 (9th Cir. 1988). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Christian v. Mattel, Inc*., 286 F.3d 1118, 1126 (9th Cir. 2002) (same). When a court examines a complaint to determine the propriety of sanctions under Rule 11, it must determine both (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the filing party conducted a reasonable and competent inquiry before signing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Rule 11 does not require the court to make a finding of subjective bad faith. *See Zuniga v. United Can Co*., 812 F.2d 443, 454 (9th Cir. 1987) (An individual

subject to Rule 11 "can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.").  Rule 11 applies by its own terms to "a party personally if the party is unrepresented," Fed. R. Civ. P. 11(a), although in the Rule 11 context, "what is objectively reasonable for a pro se litigant and for an attorney may not be the same."  *Bus. Guides, Inc. v. Chromatic Commc'n Enter., Inc*., 892 F.2d 802, 811 (9th Cir. 1989).  If the court determines that an attorney or party has violated Rule 11(b), the court may impose appropriate monetary sanctions upon the attorney or party after issuing an order to show cause to the party and providing that person notice and a reasonable opportunity to respond.  Fed. R. Civ. P. 11(c).  If the court issues an order imposing sanctions, it must "describe the sanctioned conduct and explain the basis for the sanction."  *See* Fed. R. Civ. P. 11(c)(6).

Here, the court finds that plaintiff filed the complaint in the instant action after having been specifically warned not to file a complaint based upon the same previously dismissed allegations.  This falls within the purview of Rule 11 as a filing made for an improper purpose and without legal or factual basis.  Therefore, imposition of Rule 11 sanctions are warranted.

The amount of sanctions to be imposed rests within the discretion of the district court.  *Christian*, 286 F.3d at 1126–27.  The financial means of the party to be sanctioned is something the court may consider.  *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir.), *opinion amended on denial of reh'g sub nom. in In re Yagman*, 803 F.2d 1085 (9th Cir. 1986).  Here, based upon a review of the entire record, it is apparent that plaintiff is of modest financial means.  (*See* Doc. No. 1-2 at 8 (indicating plaintiff's eligibility for Medi-Cal and that he does not have sufficient income to pay for his household's basic needs and the state court filing fee).)  Accordingly, the court will limit the amount of the sanction imposed in this case to $100.00.

/////
/////
/////
/////
/////
/////
/////

**CONCLUSION**

Based on the foregoing, the court finds it appropriate to SANCTION plaintiff Gustavo Aguilar, in the amount of $100.00.  Plaintiff must pay this amount to the Clerk of Court within thirty (30) calendar days of the date of this order.

In addition, because this case has been dismissed with prejudice and without leave to amend, the Clerk of Court is directed to administratively close this case.  All pending deadlines, apart from the sanction payment deadline above, are hereby VACATED.

IT IS SO ORDERED.

Dated:   **November 10, 2020**

_____
UNITED STATES DISTRICT JUDGE